UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Keremme Moffatt, #315119, | ) C/A No. 9:10-1698-HFF-BM |
|---|---|
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| Kevin S. Brackett; Missy Horton; Commander Marvin Brown, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Keremme Moffatt ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names government employees as defendants.[2] Plaintiff challenges his state criminal trial proceedings, and seeks "to be relieved of sentencing," as well as "compensation" for the "unjust time served." The complaint should be dismissed for failure to state a claim upon which relief may be granted.

REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319.

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).



2

## DISCUSSION

The complaint seeks "compensation" from the defendants based on allegations involving evidence in Plaintiff's state criminal trial. Plaintiff is currently serving a sentence of imprisonment based on his conviction in the challenged state criminal trial.[3] The United States Supreme Court has held that to recover damages for imprisonment in violation of the constitution, the imprisonment must first successfully be challenged. *Heck v. Humphrey*, 512 U.S. 477 (1994)(a "§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"). Because the complaint essentially challenges the sufficiency of the evidence in Plaintiff's criminal prosecution, a judgment in Plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence," thus the "complaint must be dismissed unless [Plaintiff] can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The complaint does not indicate that Plaintiff has invalidated his conviction or sentence, so the complaint should be dismissed pursuant to the holding in *Heck*.

In addition to dismissal under *Heck*, the complaint is subject to dismissal for failure to state a claim on which relief may be granted against the named defendants. Plaintiff sues the

---

[3] The complaint, on page two, also requests "to be relieved of sentencing, to received credit of all confinement by York County and Dept. of Correction." If the plaintiff is seeking immediate release from confinement, he cannot obtain such relief under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994) ("[r]elease from prison is not a remedy available under 42 U.S.C. § 1983."). Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas relief in federal court is only available after state court remedies have first been exhausted. 28 U.S.C. § 2254(b)(1)(A).



3

solicitors, Defendants Brackett and Horton, which prosecuted Plaintiff's criminal trial that resulted in his current imprisonment. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The defendants, Kevin Brackett and Missy Horton, are identified in the complaint as solicitors. In South Carolina, solicitors prosecute state criminal cases. The factual allegations of the complaint challenge the sufficiency of the evidence presented in Plaintiff's state criminal trial. No allegations challenge investigative or administrative tasks performed by Defendants Brackett and Horton, rather the allegations indicate the Defendants were acting as officer's of the court. See *Van de Kamp v. Goldstein*, __ U.S. __, 129 S. Ct. 855, 859-62 (2009) (Absolute prosecutorial immunity may not apply in a § 1983 action when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, such as investigative or administrative tasks.) Actions within their duties as officers of the court are protected from liability under *Imbler*. The complaint fails to state a claim against Defendants Brackett and Horton, who have absolute prosecutorial immunity in this § 1983 action.

The remaining defendant, Commander Marvin Brown, is named in the caption of the case, but is not identified anywhere else in the complaint. No allegations in the statement of claim can be inferred as brought against Defendant Brown. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than merely place a name in the caption to state a claim against a particular defendant. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").

The complaint does not contain factual allegations identifying the particular conduct of Defendant Brown that is alleged to have harmed Plaintiff. While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Rule 8(a)(2) of the Federal Rules of Civil Procedure "still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). The complaint fails to state a claim against Defendant Brown in this § 1983 action.

The complaint should be dismissed because it fails to state a claim on which relief may be granted and seeks monetary relief against defendants who have immunity from suit. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

Bristow Marchant
United States Magistrate Judge

July 23, 2010
Charleston, South Carolina

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6